DA 23-0118

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 69

FILED

04/02/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0118

IN RE THE MARRIAGE OF:

NANCY M. MEINHARDT, f/k/a STEWARD,

Petitioner and Appellant,

and

JOSEPH H. STEWARD,

Respondent and Appellee.

APPEAL FROM:     District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADR-2019-545
Honorable Mike Menahan, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Michelle H. Vanisko, Hinshaw & Vanisko, PLLC, Helena, Montana

For Appellee:

David B. Gallik, Gallik Law Office, PLLC, Helena, Montana

Submitted on Briefs: March 6, 2024

Decided: April 1, 2024

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Nancy M. Steward (Nancy) appeals from the Order on Motion to Enforce and Motion for Contempt issued by the First Judicial District Court, Lewis and Clark County, on October 27, 2022 in which the District Court ordered the modification of child support effective January 1, 2021. Nancy contests the January 1, 2021, commencement date for the modified child support, asserting such should not have commenced until June 1, 2021, the month after she received notification from the Montana Child Support Services Division (CSSD) of the modified amount.[1] We affirm.

¶2 We restate the issue on appeal as follows:

> *Whether the District Court abused its discretion in commencing modified child support prior to Nancy receiving actual notification of the modified child support order and amount from CSSD.*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 The parties were married in 2006 and divorced on October 26, 2020. They have two minor children. At the time the court issued its Decree of Dissolution, it also adopted the parties' Stipulated Parenting Plan (SPP). With regard to child support, the SPP provides:

> 9. **CHILD SUPPORT:**
> Child Support shall be addressed through the Montana Child Support Enforcement Division and both parties agree to immediately re-open their case at the point where it was dismissed due to a determination of family support already ordered by this Court and cooperate with Montana Child Support Enforcement to seek a determination of child support. Until Montana Child Support Enforcement Division makes a determination on the amount of child support and issues their own order of support, Respondent shall

---

[1] The parties were served with CSSD's notice and modification order on May 6, 2021.

begin making monthly child support payments in the amount of $1680.00 to Nancy on the 1st of each month, beginning on November 1, 2020.

¶4      After the court adopted the parties' SPP, on November 6, 2020,[2] Joseph Steward (Joseph) filed a request with CSSD in which he "moves [CSSD] for its Order setting a hearing to determine child support"—the functional equivalent to filing a motion for modification of child support. This request was served on Nancy through her counsel consistent with the requirements of service provided for under M. R. Civ Pro. 5(b)(1)—permitting service of counsel by mail to a represented party's attorney.  When no hearing was scheduled, Joseph filed a second request for hearing with CSSD on January 11, 2021, which was also appropriately served on Nancy through her counsel.  On January 14, 2021, CSSD issued an income withholding notice for $1,820[3] per month to Joseph's employer. Upon receiving a financial affidavit from Joseph, CSSD amended the withholding to $1,680 per month on February 24, 2021, and on May 6, 2021, issued a modification order and notice determining Joseph's child support obligation to be $1,248 per month—$624 per child per month. Nancy then sought a modification hearing with CSSD.

¶5      On September 13, 2021, Nancy filed a Combined Motion to Enforce and Motion for Contempt.   On October 29, 2021, CSSD filed a Motion to Approve Proposed

---

[2] The parties have referred to Joseph's request for hearing to determine child support having been made on November 6 and, at other times, assert it was made on November 9, 2020.  For clarification, the request was sent to CSSD and served by mail upon Nancy through counsel on November 6, 2020, and received by CSSD on November 9, 2020.  As such, Joseph's request is considered to have been made on November 6, 2020.

[3] The $1,820 per month was for current child support of $1,680 per month plus $140 per month in past-due support.

Modification in which it sought the District Court to approve and adopt the Modification Notice and Order it previously issued May 6, 2021. Joseph, in turn, filed an objection to CSSD's determination of child support. The District Court set hearing on these motions and objection. At the outset of the hearing on September 26, 2022, the parties indicated they resolved their dispute as to the monthly child support amount and the only issue remaining as to child support was the start date. The parties further advised that the $1,248 per month child support amount upon which they agreed was calculated by CSSD, and that CSSD agreed to prepare the modification order after the hearing with the start date to be determined by the District Court. Joseph sought the District Court to direct CSSD to calculate child support to commence a reasonable time after November 9, 2020, when he filed his original request for calculation of child support and a hearing with CSSD. Nancy sought the District Court to direct CSSD to calculate child support to commence June 1, 2021, but later stipulated to commencing the modification April 1, 2021. In its Order on Motion to Enforce and Motion for Contempt the District Court ordered the modification of child support effective January 1, 2021. Nancy then filed a Rule 59 Motion to Alter or Amend Judgment in which she asserted, citing § 40-4-208(1), MCA, and *Healy v. Healy*, 2016 MT 154, ¶ 32, 384 Mont. 31, 376 P.3d 99, the District Court made a manifest error of law as "the [child support] modification can only affect payments accruing *after* CSSD provides *actual* notice of its motion for modification to all parties." Nancy asserted the modification could not commence prior to May 6, 2021, without stipulation of the parties

4

and reiterated that she did stipulate at hearing to the start date of April 2021.[4]  The District

Court denied the motion as to child support.[5]  Nancy appealed.

## STANDARD OF REVIEW

¶6      We review a district court's conclusions of law for correctness, and a district court's

findings of fact for clear error.  *In re Marriage of Simpson*, 2018 MT 281, ¶ 10, 393 Mont.

340, 430 P.3d 999.  We review a district court's factual findings pertaining to determination

of child support to determine if they are clearly erroneous.  *In re Marriage of Miller*, 2022

MT 110, ¶ 14, 409 Mont. 29, 511 P.3d 307.  We review child support awards, including

retroactive awards, for an abuse of discretion.  *Miller*, ¶ 14.  A district court abuses its

discretion if it "acted arbitrarily without employment of conscientious judgment" or

"exceeded the bounds of reason resulting in substantial injustice."  *Simpson*, ¶ 10 (citation

omitted).

## DISCUSSION

¶7      *Whether the District Court abused its discretion in commencing modified child*
        *support prior to Nancy receiving actual notification of the modified child support*
        *amount and order from CSSD.*

¶8      Nancy asserts that under § 40-4-208, MCA, and *Healy*, child support may only be

modified subsequent to her receipt of actual notice of the CSSD modification notice and

---

[4] Thus, by commencing the modification on January 1, 2021, rather than April 1, 2021, the total amount in dispute is $1,296.  We speculate this amount to be commensurate, if not less than, the cost of the appeal.

[5] In her Rule 59 Motion, Nancy also asserted the court failed to address certain medical expenses. The court acknowledged it had overlooked the issue of unreimbursed medical costs and as such addressed those in its January 17, 2023, Order on Rule 59 Motion to Alter or Amend Judgment.

order which occurred on May 6, 2021. Joseph asserts § 40-4-208, MCA, supports modification of the court's original child support order for any installments accruing subsequent to November 9, 2020, when he served Nancy notice of his request for hearing on child support modification with CSSD.[6] He further asserts *Healy* does not support Nancy's position.

¶9      Section 40-4-208(1), MCA, provides that a decree may be modified by a court as to child support "only as to installments accruing subsequent to actual notice to the parties of the motion for modification." Nancy does not assert how, independent of *Healy*, § 40-4-208(1), MCA, precludes modification of child support prior to CSSD's motion and issuance of an order setting forth the modified child support amount when Joseph well-prior to that time, brought request to modify child support and served it on her. It is not disputed that Nancy, through her attorney, was served on November 6, 2020, with actual notice of Joseph's initial request of CSSD to set a hearing on modification of his child support obligation.[7] From his November 6 request, it is clear Nancy was put on notice that Joseph sought to immediately modify his child support obligation. Thus, pursuant to the plain, unambiguous language of § 40-4-208(1), MCA, the court had the statutory

---

[6] Although Joseph asserts the District Court could have modified his child support obligation to commence October 1, 2021, he does not appeal the court's determination to modify child support commencing January 1, 2021. As such, we do not address modification of child support prior to January 1, 2021.

[7] It is also undisputed that Nancy was also served with Joseph's second request for hearing to modify his child support obligation on January 11, 2021.

authority to modify Joseph's child support obligation for installments accruing subsequent to November 6, 2020.

¶10 Nancy primarily relies on *Healy* in asserting child support may only be modified subsequent to her receipt of actual notice of the CSSD modification notice and order. Nancy asserts *Healy* requires modified child support awards may only begin after the parties receive actual notice of the modified child support amount. Joseph asserts there is no language in *Healy* that limits a district court's ability to order the effective date of a modification of child support only to when CSSD's order or motion is issued. Joseph further asserts *Healy* confirms the District Court's statutory authority to make CSSD's child support modification order retroactive to when Nancy was given actual notice of Joseph's request for modification.

¶11 In *Healy*, the parties entered into a stipulated parenting plan which was approved and ordered by the court requiring father to pay $600 per month in child support. Ten years later, mother applied to CSSD for review and modification of child support. CSSD recalculated child support to $1,142 per month and, pursuant to Admin. R. M. 37.62.2119, provided notice of its proposed order, advising the parties they had 20 days to object and if no objection was submitted, CSSD would submit the order to the district court for approval and it would become effective February 2014. Neither party objected and CSSD filed its modification motion with the district court March 24, 2014, seeking court approval of its modification order. Father then filed an objection with the district court. While the hearing on father's objection was pending, mother learned that father was not paying their daughter's school tuition as he previously agreed to do. As such, in June 2014 she filed an

application with CSSD to recalculate father's child support to include the tuition. In August 2014, CSSD submitted a revised modification order and notice recalculating father's child support to $2,048 per month. Father objected. In April 2015, the district court modified father's child support obligation to $2,048 retroactively to February 2014. Neither party appealed the modified child support amount or the commencement date of the modification.

¶12 Father, however, appealed on other grounds asserting the district court did not have jurisdiction to decide CSSD's motion as there was no showing of changed circumstances as required by § 40-4-208(2), MCA; the district court misapprehended the evidence as to father's future income potential; and the district court erred in imposing a 10% interest penalty on the parents' required College Trust contributions. On appeal, although this Court affirmed all of father's appeal issues, based on the administrative requirements for CSSD set forth in Admin. R. M. 37.62.2119, this Court *sua sponte* determined the district court was only authorized to impose child support of $1,142 per month effective in February 2014 collectible through August 2014 and, based on CSSD's recalculation and re-notice in August 2014, the district court was only authorized to require child support payments of $2,048 per month beginning in September 2018. The Court made no analysis of § 40-4-208(1), MCA, nor of the district court's authority specifically provided for in Admin. R. M. 37.62.2119(5)—"The [CSSD] order shall be effective the first day of the month following the issuance of the Notice of Proposed Modification, *or as determined by the court*." Admin. R. M. 37.62.2119(5) (emphasis added).

8

¶13 It is clear this Court in *Healy* did not appreciate or consider the broad statutory authority vested to district courts to modify child support as to "installments accruing subsequent to actual notice to the parties of the motion for modification." Section 40-4-208(1), MCA. The Court considered the administrative notice requirements required of CSSD, but then failed to consider or address that Admin. R. M. 37.62.2119(5) permits the court discretion to determine when the CSSD modification order becomes effective. Given the Court's *sua sponte* consideration of the effective date of modification together with the lack of consideration of a district court's broad statutory and administrative authority to determine the effective date of modification of child support, we do not determine *Healy* to provide binding precedence in this case. Further, *Healy* is overruled to the extent it could be interpreted to limit a district court's authority to modify child support installments accruing after the party's receipt of actual notice of the CSSD modification notice and order when that party was appropriately put on notice of the other party's pursuit of modification of child support well prior to CSSD's notice and order.

¶14 Here, there is no dispute Nancy was on actual notice of Joseph's request to modify child support as early as November 6, 2020. Further, at a hearing before the District Court, she had full opportunity to present evidence as to any circumstances making it inequitable for Joseph's child support modification to be retroactive to as early as October 2020, the first month in which child support accrued subsequent to her actual notice of Joseph's request to modify child support. From our review of the record Nancy did not present any such evidence, but instead argued § 40-4-208(1), MCA, and *Healy* required the court to

9

make the modification effective no earlier than June 2021—or April 1, 2021, as she had stipulated.

¶15 Nancy next asserts the District Court's finding "that both parties wanted the child support modification to take effect within a reasonable time of November 9, 2020" was a misapprehension of the evidence. From our review of the record, we do not agree. At the outset of the hearing on September 26, 2022, the parties indicated the amount of child support was resolved and the only disputed issue remaining as to child support was the start date. The parties advised that CSSD had calculated the $1,248 per month amount they agreed to and, further, that CSSD agreed to prepare the modification order after the hearing using the start date determined by the District Court. Joseph sought the District Court to direct CSSD to calculate child support to commence a reasonable time after service of his November 2020 request to CSSD. Nancy sought the District Court to direct CSSD to calculate child support to commence June 1, 2021, but later stipulated to a commencement date no earlier than April 1, 2021. The District Court's finding "that both parties wanted the child support modification to take effect within a reasonable time of November 9, 2020" was more of an interpretation of the court's understanding the parties disputed the onset date and its authority prescribed by § 40-4-208(1), MCA, rather than a finding based on the evidentiary presentation of the parties. Given the discussion between counsel and the District Court at the outset of the September 26, 2022 hearing, the District Court did not misapprehend the parties' remaining dispute. From our review of the record, the District Court correctly interpreted its statutory authority to modify child support and applied it to the undisputed facts. There was no abuse of discretion.

10

**CONCLUSION**

¶16     The District Court correctly interpreted the law, modified child support pursuant to agreement of the parties and CSSD, and appropriately determined—pursuant to § 40-4-208(1), MCA—after notice to Nancy of Joseph's request to modify child support, when to commence the modified child support.  To the extent *Healy* could be interpreted to limit a district court's authority to modify child support installments accruing after a party's receipt of actual notice of the CSSD modification notice and order when that party was appropriately put on notice of the other party's pursuit of modification of child support well prior to CSSD's notice and order or motion, it is overruled.

¶17     Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE